---

In the Matter of the Final Accounting of THE STATE TRUST COMPANY, as Trustee of the Estate of AUGUSTUS M. HALSTED and AVERY D. PUTNAM, Respondent, *v.* S. F., F. H. and H. COWDREY and L. L. VAN ALLEN, Appellants.

*Final accounting by a trustee — costs out of the estate — interest on costs.*

On the final accounting of the trustee of an assigned estate, where the account was not contested, but was allowed as presented, no costs were allowed; the attorney who appeared for the trustee appealed personally from so much of the order as refused costs on the accounting, but the trustee did not appeal.

*Held,* that as it seemed that the refusal of costs was proper, and, further, as the trustee had not appealed, no question could be raised at General Term on the refusal to allow the trustee costs.

It appeared, on such final accounting, that a judgment which had been entered some twenty-four years before, in an action brought to remove an assignee of the estate, had directed that the costs of the attorneys for the parties to such action be paid out of the estate, but it did not state the amount of such costs, nor was the amount thereof ever inserted therein, although it was fixed by an order in the action.

*Held,* that, technically, a judgment for costs had not been entered, and that, therefore, the statute which gives interest on judgments for costs did not apply; and that, as it appeared that interest on such costs, if allowed, would absorb the entire estate and leave nothing for creditors, and that the costs, without interest, afforded ample compensation to the attorneys, their claim for interest on the costs was properly disallowed on the final accounting.

APPEAL by S. F., F. H. and H. Cowdrey and L. L. Van Allen, in person, from so much of an order of the Supreme Court, made at the New York Special Term on the final accounting herein, and entered in the office of the clerk of the city and county of New

York on the 18th day of January, 1893, as orders, adjudges and decrees that the referee's report herein, in so far as it reports that interest on the costs of the attorneys in the action of Asa Stevens and others against Alfred C. Smith, Jr., and others, should be paid by the said trustee as therein specified, is disallowed; and by the said S. F., F. H. and H. Cowdrey from so so much of said order as orders, adjudges and decrees that no costs in this proceeding be taxed, and also from so much of said order as orders, adjudges and decrees that the said trustee pay without interest to S. F., F. H. and H. Cowdrey the amount of the costs and allowance awarded to the plaintiffs in said action thereinbefore mentioned; and by the said L. L. Van Allen from so much of said order as orders, adjudges and decrees that the said trustee pay without interest to L. L. Van Allen the amount of the costs and allowance awarded to the defendants in said action; and by each of them from so much of said order as orders, adjudges and decrees that, after making such payments, if any part of such moneys remain, the same be distributed to and among the creditors who have presented and proved their claims according to law in proportion to the several amounts thereof.

The appellants are attorneys at law, and were the attorneys for the plaintiffs and defendant respectively, in an action which was brought in the year 1869, by Asa Stevens and others, to remove an assignee for the benefit of creditors of the estate, which is the subject of the present proceeding. Judgment in that action was filed April 26, 1869, and directed that out of the funds of the estate thereafter collected, there should be paid " to the attorneys for the parties in this action their costs in this action, and also such sum as may be awarded to them for an extra allowance." Thereafter, and on December 20, 1869, an order was made in said action, which directed the payment to the respective attorneys, " in the manner provided for in the said judgment," of certain specified sums for their costs and extra allowances. The appellants claimed interest on these sums, by force of section 1211 of the Code of Civil Procedure, which provides that a judgment for a sum of money, or which directs the payment of money, shall bear interest from the time of its entry. The Messrs. Cowdrey conducted, on behalf of the trustee, the State Trust Company, the proceedings for a final accounting in which the order now appealed from was made.

*Thomas Allison,* for the appellants.

*J. Warren Lawton,* for the respondent.

PER CURIAM :

In the account presented by the trust company, it charges itself with $2,672.93, moneys collected, and credits itself with $374.85, paid out for legal services and expenses, and $131.39, for its commissions, leaving $2,121.69. The account so presented was not contested before the referee, or at Special Term, and it was allowed as made out. The trust company made no claim before the referee, or at Special Term, for the costs of the accounting, and we are unable to see how any could have been incurred, as its account was allowed as rendered, without contest. Besides the trust company has not appealed from the order of the Special Term, and no question can be raised in this court on the refusal to allow it costs on the final accounting.

By an order, but not by the judgment, entered December 20, 1869, in the action for the removal of the assignee, the attorneys for the plaintiffs were allowed $706.31 costs, and the attorneys for the defendants, $518 costs. The interest on the costs of the plaintiffs' attorneys amounted to $1,022.45, and on the costs of the defendants' attorneys to $749.86. The Special Term refused to allow interest on the costs of the attorneys, and they appeal from that part of the order.

Whether interest should be allowed is the only question before the court. If it is allowed, the claims of the attorneys will exceed by $874.93 the amount in the hands of the trust company; but if interest is not allowed, there will be left $897.38 for distribution among the creditors.

It is urged that the statute gives interest on a judgment for costs. But the answer to this is, that no judgment was entered in this case for a fixed sum for costs. The costs might have been included in the judgment when originally entered, or they might have been subsequently taxed and inserted therein. But neither course was taken, and so, technically, a judgment for costs was not entered.

Believing that the compensation awarded to the attorneys is ample for the services rendered, without the addition of interest, and that

something should be left for the creditors, we think the order should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with costs.